UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: PATRICIA ANN ROBERTS,

    Debtor.
_____/

Case No. 08-10787

Honorable John Corbett O'Meara

PATRICIA ANN ROBERTS,

    Appellant,

v.

DAVID WILLIAM RUSKIN, Chapter 13
Trustee,

    Appellee.
_____/

## ORDER DENYING DEBTOR'S MOTION FOR STAY

This matter came before the court on debtor Patricia Ann Roberts' March 11, 2008 Emergency Motion for Stay Pending Appeal. National City Bank of Midwest ("NCB") filed a response March 30, 2008. On April 29, 2008, counsel for NCB informed the court that the bank had foreclosed its interest on the subject property and that Debtor's redemption period expires October 15, 2008. Debtor filed a reply brief May 9, 2008.

## BACKGROUND FACTS

NCB is the holder of a mortgage on real property owned by debtor Patricia Ann Roberts in Oak Park, Michigan. Roberts filed a Petition for Relief under Chapter 13 on November 5, 2007, and later her Chapter 13 Plan. NCB objected to the confirmation of the Plan and requested dismissal of the Chapter 13 case with a 180-day bar to refiling. The Chapter 13 trustee also objected to confirmation of the Plan.

NCB requested the 180-day bar to refiling because it was the fourth bankruptcy case filed in less than 15 months that included the subject real property as part of the bankruptcy estate under 11 U.S.C. § 541. Debtor argues, however, that the previous filings were all made by her son Harold Dean Roberts. NCB contends that there has been a "complete and utter failure" to prosecute this bankruptcy case, as Debtor has failed to appear at the original or continued Meeting of Creditors or any of the four hearings that were scheduled in her case. NCB brief at 4. Rather, it is Debtor's son who continues to be a central figure in Debtor's bankruptcy case, moving to excuse her appearance at the Meeting of Creditors and Confirmation Hearing so that he could appear for her.

Based upon Debtor's failure to prosecute her case, the inability of Debtor to confirm the Plan, and the successive filings, the bankruptcy court dismissed Debtor's case February 6, 2008, and ordered a 180-day bar to refiling as to both Debtor and her son. The court amended the order February 11, 2008. Debtor then filed a number of pleadings February 27, 2008, all of which the bankruptcy court denied. Debtor subsequently filed this motion for stay pending appeal of the February 1, 2008 Amended Order Dismissing Chapter 13 Case. Then, in violation of the bankruptcy order, Debtor filed another bankruptcy case in an effort to thwart foreclosure of the subject property.

## LAW AND ANALYSIS

In considering a stay pending appeal, the court must consider the following factors: 1) whether the petitioner is likely to prevail on the merits of the appeal; 2) whether the petitioner will suffer irreparable injury absent a stay; 3) whether other interested parties will suffer substantial harm; and 4) whether the public interest will be harmed. <u>In re Grand Traverse Dev. Co. Ltd. Partnership</u>, 151 B.R. 792, 796 (W.D. Mich. 1993).

The United States Court of Appeals for the Sixth Circuit has outlined a district court review of a bankruptcy court's decision.

> A district court reviewing a bankruptcy court's decision in a 'core proceeding' functions as an appellate court, applying the standards of review normally applied by federal appellate courts. According to Fed. R. Bank. P. 8013, the bankruptcy court is the factfinder and findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the Bankruptcy Court to judge the credibility of witnesses.

In re H.J. Scheirich Co., 982 F.2d 945, 949 (6th Cir. 1993).

In this case it is clear that the bankruptcy court's findings are supported by the facts. Debtor's repeated failure to appear at any of the hearings, her inability to confirm a plan, and the multiple filings were all factors that led to the dismissal of the bankruptcy case. Therefore, it is unlikely that Debtor will prevail on the merits of her appeal.

Although Debtor has moved for a stay of the bankruptcy order to prevent foreclosure on the subject property, she has received protection under the bankruptcy laws since August 21, 2006, during the course of four bankruptcy proceedings, the first three of which were initiated by her son. Denying the stay will not cause Petitioner irreparable injury, as she will still have state law rights regarding the subject property. The redemption period currently expires October 15, 2008.

NCB, on the other hand, will suffer substantial harm if the matter is stayed. The total debt owing NCB exceeds the amount of the original loan. The mortgage is currently due and owing for May 1, 2006; and it has been over two years since NCB has received a payment on this mortgage.

Finally, the public interest would not be served by granting the requested stay. The petitioner has failed to attend hearings and defied the bankruptcy court's order by filing another bankruptcy case six days after filing this motion.

# **ORDER**

It is hereby **ORDERED** that Petitioner's March 11, 2008 motion for stay is **DENIED.**

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: June 4, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 4, 2008, by electronic and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager